IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01671-WJM-MJW

BRIAN DEMAESTRI,
    Plaintiff,

-v-

ASSET ACCEPTANCE CAPITAL CORP.,
    Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 14 2011

GREGORY C. LANGHAM
                    CLERK

# FIRST AMENDED COMPLAINT

Plaintiff, Brian DeMaestri, hereby sues Defendant, ASSET ACCEPTANCE CAPITAL CORP. and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq. and violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq

## PARTIES

2. Plaintiff, Brian DeMaestri, is a natural person and is a resident of the State of Colorado presently residing at 9901 E. Evans Ave. #23D Denver, CO 80247

3. Defendant, ASSET ACCEPTANCE CAPITAL CORP., is a Delaware Corporation, authorized to do business in Colorado and is located at the following address: 28405 Van Dyke Ave. Warren, MI 48090

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

5. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

6. This is an action for damages which do not exceed $5,000.00.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. On October 30, 2010 ASSET ACCEPTANCE CAPITAL CORP. initiated a pull of Plaintiffs consumer report from Experian without permissible purpose. (See Exhibit A)

9. On December 24, 2010 ASSET ACCEPTANCE CAPITAL CORP. initiated a pull of Plaintiff's consumer report from Experian without permissible purpose. (See Exhibit A)

10. On October 30, 2010 ASSET ASSET ACCEPTANCE CAPITAL CORP. initiated a pull of Plaintiffs consumer report from Experian without permissible purpose. (See Exhibit A)

11. On October 30, 2010 ASSET ACCEPTANCE CAPITAL CORP. initiated a pull of Plaintiffs consumer report from Experian attempting to collect an alleged debt.

12. On October 24, 2010 ASSET ACCEPTANCE CAPITAL CORP. initiated a pull of Plaintiffs consumer report from Experian attempting to collect an alleged debt.

13. On October 30, 2010 ASSET ACCEPTANCE CAPITAL CORP. initiated a pull of Plaintiffs consumer report from Experian attempting to collect an alleged debt.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.

14. Paragraphs 1 through 13 are realleged as though fully set forth herein.

15. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

16. ASSET ACCEPTANCE CAPITAL CORP. is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

17. ASSET ACCEPTANCE CAPITAL CORP. willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) ASSET ACCEPTANCE CAPITAL CORP. willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against ASSET ACCEPTANCE CAPITAL CORP. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.

18. Paragraphs 1 through 13 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

20. ASSET ACCEPTANCE CAPITAL CORP. is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

21. ASSET ACCEPTANCE CAPITAL CORP. negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) ASSET ACCEPTANCE CAPITAL CORP. negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against ASSET ACCEPTANCE CAPITAL CORP. for actual or statutory damages, a and punitive damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681n, 15 U.S.C. §1681o.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.

22. Paragraphs 1 through 13 are realleged as though fully set forth herein..

23. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

24. ASSET ACCEPTANCE CAPITAL CORP. is a debt collector within the meaning of the FDCPA 15 U.S.C. §1692a(6).

25. ASSET ACCEPTANCE CAPITAL CORP. violated the FDCPA. Defendants' violations include, but are not limited to, the following:
   (a) ASSET ACCEPTANCE CAPITAL CORP. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   (b) ASSET ACCEPTANCE CAPITAL CORP. violated 15 U.S.C. §1692f by the use of unfair or unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff demands judgment for damages against ASSET ACCEPTANCE CAPITAL CORP. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

a. Actual or Statutory damages, and punitive damages in the amount of $4,000.
b. All costs of court, filing fees, document preparation fees and the like.
c. Any further relief which the court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 7, 2011

Respectfully submitted,

*[signature]*

Brian DeMaestri
9901 E. Evans Ave. #23D
Denver, CO 80247
720-535-6656
bdemaestri@msn.com

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the forgoing has been mailed to ASSET ACCEPTANCE CAPTIAL CORP. (Defendant or counsel for defendant) at 28405 VAN DYKE AVE. Warren, MI 48093 on July 7, 2011

*[signature]*

Plaintiff's Original Signature