### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:11-cv-01671-WJM-MJW**

BRIAN DEMAESTRI

Plaintiff,

v.

ASSET ACCEPTANCE CAPTIAL CORP.,

Defendant

---

### DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.'S, MOTION TO CONSOLIDATE
---

COMES NOW Asset Acceptance Capital Corp., (the "Defendant"), by and through its counsel of record, and for its Motion to Consolidate ("Motion"), states as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1, the undersigned conferred with Plaintiff regarding this Motion to Consolidate pursuant to Fed.R.Civ.P. 42(a). Plaintiff objects to the relief requested.

### INTRODUCTION

Plaintiff filed a Complaint in this matter on June 27, 2011. See, Docket No. 1. Plaintiff then filed a First Amended Complaint on July 14, 2011. See, Docket No. 6. Plaintiff's First Amended Complaint alleges Defendant violated 15 U.S.C. §1681b(f) – Counts I and II, as well as 15 U.S.C. §§1692e(10) and f – Count III. See, Plaintiff's First Amended Complaint, pgs. 2 and 3. The violations are based solely on Defendant allegedly pulling Plaintiff's consumer report from Experian in October and December 2010. See, Plaintiff's First Amended Complaint, pg. 2, ¶¶8-13.

Simultaneously to Plaintiff filing the Complaints discussed above, Plaintiff also filed a Complaint and First Amended Complaint against Defendant in case 11-cv-01672. <u>See</u>, Docket No. 1 and Docket No. 6.  The violations are based solely on Defendant allegedly pulling Plaintiff's consumer report from TransUnion sometime in November 2010.  <u>See</u>, 11-cv-1672, Plaintiff's First Amended Complaint, pg. 2, ¶¶8-11.  Plaintiff's Amended Complaint in 11-cv-1672 alleges Defendant violated the exact same statutes, and in fact, the wording in Counts 1-3 is identical.  <u>See</u>, case 11-cv-1672, Plaintiff's First Amended Complaint, pgs. 2 and 3.

## CONSOLIDATION STANDARDS

Rule 42 of the Federal Rules of Civil Procedure governs consolidation.  Rule 42(a) states:

"(a) Consolidation.  If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay."

<u>See</u>, Rule 42(a), Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiff has filed two cases against the same Defendant with similar facts and identical questions of law.  The facts in both cases allege Defendant wrongfully pulled Plaintiff's consumer report.  The only difference in the facts is which credit bureau Defendant pulled the consumer report from and on what date. Otherwise, the cases are mirrors of each other.

Rule 42(a) affords courts with "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  <u>See</u>, <u>Breaux v. American Family Mut. Ins. Co.</u>, 220 F.R.D. 366, 367 (D. Colo. 2004).  "The decision whether to consolidate is committed to the sound discretion

of the district court." See, Hill v. City of Aurora, 2011 U.S. Dist. LEXIS 60819 (D. Colo. 2011).

In Shump v. Balka, the Court identified relief sought, capacity in which Defendant is being sued, and gain from consolidation (or harm from failing to consolidate) as standards it uses when determining whether consolidation is appropriate. Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978).

In this case, all of the factors confirm consolidation is appropriate. First, the same Plaintiff is suing the same Defendant for the same conduct seeking the same relief; money. Defendant is a corporation. In both cases the corporation has been named as the Defendant and no other defendants have been named. Finally, consolidation will allow the parties and the Court to prepare one set of documents and minimize confusion. There is no need for the parties to prepare multiple scheduling orders, participate in multiple settlement conferences, serve multiple requests for discovery, and most importantly, require two jury trials.

In addition, ease and judicial economics play an important role in determining whether consolidation is appropriate. "Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." See, Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiff's cases have already shown a propensity for confusion. Multiple complaints and motions have been filed requiring multiple orders and double the work. Multiple documents still need to be filed while both cases continue on the same time line. There is no justifiable reason costs and efforts by everyone should be needlessly multiplied.

WHEREFORE, Defendant respectfully prays that this Court GRANT Defendant's Motion to Consolidate, and for such other and further relief as this Court deems proper.

DATED this 1st day of August, 2011.

                                        Respectfully submitted,

                                        Adam L. Plotkin, P.C.

                                        /s/ Joseph J. Lico

By:                                  _____
                                        Joseph J. Lico, Esq.
                                        621 Seventeenth Avenue, Suite 1800
                                        Denver, Colorado 802933
                                        Telephone: (303) 302-6864
                                        FAX: (303) 302-6864
                                        jlico@alp-pc.com
                                        Attorneys for Defendant

## Certificate of Service

      I hereby certify that on August 1, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., @23D
Denver, CO 80247

bdemaestri@msn.com

                                                                   By:   /s/ Joseph J. Lico_____
                                                                         Joseph J. Lico, Esq.