**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:11-cv-01671-WJM-MJW**

BRIAN DEMAESTRI,

Plaintiff,

v.

ASSET ACCEPTANCE CAPTIAL CORP.,

Defendant.

___

**DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**
___

COMES NOW Asset Acceptance Capital Corp., (the "Defendant"), by and through its counsel of record, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Jury Demand (Plaintiff's "Complaint"), states as follows:

1. The allegations set forth in Paragraph No. 1 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies that it violated the Fair Credit Reporting Act or the Fair Debt Collections Practices Act.

2. Defendant admits Plaintiff is a natural person but is without information or knowledge sufficient to respond to the remaining allegations contained in Paragraph No. 2 of Plaintiff's First Amended Complaint and accordingly denies same.

3. Admit.

4. The allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction at this time.

5. The allegations in Paragraph 5 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant does not contest venue at this time.

6. Defendant denies that Plaintiff has suffered any damages or that it violated the Fair Credit Reporting Act or the Fair Debt Collections Practices Act.

7. The allegations in Paragraph 7 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

8. Denied.

9. Denied.

10. The allegations contained in Paragraph No. 10 of Plaintiff's First Amended Complaint mirror the allegations contained in Paragraph No. 8 of Plaintiff's First Amended Complaint. To the extent an additional response is required, Defendant denies the allegations.

11. Denied.

12. Denied.

13. The allegations contained in Paragraph No. 13 of Plaintiff's First Amended Complaint mirror the allegations contained in Paragraph No. 11 of Plaintiff's First Amended Complaint. To the extent an additional response is required, Defendant denies the allegations.

14. Defendant restates its responses to Paragraph Nos. 1-13 above.

15.     The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 15 of Plaintiff's First Amended Complaint and accordingly denies same.

16.     The allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

17.     Denied, including subpart (a).

18.     Defendant restates its responses to Paragraphs 1-17 above.

19.     The allegations contained in Paragraph No. 19 of Plaintiff's First Amended Complaint mirror the allegations contained in Paragraph No. 15 of Plaintiff's First Amended Complaint. To the extent an additional response is required, Defendant denies the allegations.

20.     The allegations contained in Paragraph No. 20 of Plaintiff's First Amended Complaint mirror the allegations contained in Paragraph No. 16 of Plaintiff's First Amended Complaint. To the extent an additional response is required, Defendant denies the allegations.

21.     Denied, including subpart (a).

22.     Defendant restates its responses to Paragraphs 1-21 above.

23.     The allegations in Paragraph 23 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

24. The allegations in Paragraph 24 of Plaintiff's First Amended Complaint are legal conclusions to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

25. Denied, including subparts (a) and (b).

26. Defendant denies all allegations contained in Plaintiff's Request for Relief.

27. Any allegation contained in Plaintiff's First Amended Complaint not specifically admitted herein is denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claims upon which relief may be granted.

2. Plaintiff has not suffered any damages.

3. To the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

4. To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

5. Defendant is entitled to its attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927.

6. Pursuant to Section 615 (c) of the Fair Credit Reporting Act, Plaintiff's claims are barred, in whole or in part, by Asset's reasonable procedures to assure compliance with the Fair Credit Reporting Act.

7. Defendant reserves the right to add additional defenses presently unknown to it according to facts that may become known during the course of discovery.

WHEREFORE, Defendant respectfully prays that Plaintiff's First Amended Complaint

be dismissed with prejudice in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action, and for such other and further relief as this Court deems proper.

DATED this 5th day of August, 2011.

Respectfully submitted,
Adam L. Plotkin, P.C.

By: /s/ Joseph J. Lico
_____
Joseph J. Lico, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 802933
Telephone: (303) 302-6864
FAX: (303) 302-6864
jlico@alp-pc.com
Attorneys for Defendant

## Certificate of Service

I hereby certify that on August 5, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., #23D
Denver, CO 80247

By: /s/ Joseph J. Lico
Joseph J. Lico, Esq.