### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 11-cv-01671-WJM-MJW

BRIAN DEMAESTRI,

    Plaintiff,

v.

ASSET ACCEPTANCE CAPITAL CORP.

    Defendant.

### ORDER GRANTING DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.'S MOTION TO CONSOLIDATE

THIS MATTER is before the Court on Defendant Asset Acceptance Corp.'s Motion to Consolidate ("Motion to Consolidate") filed on August 1, 2011.[1] (ECF No. 16.) The Defendant moves to consolidate this action with *DeMaestri v. Asset Acceptance Capital Corp.*, Case No. 11-cv-01672-WJM-MJW, an action filed on the same day as Case No. 11-cv-01671-WJM-MJW and also pending before this Court. For the foregoing reasons, Defendant's Motion to Consolidate is GRANTED.

### *Background*

Plaintiff brings the two actions against Defendant for alleged violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681b(f) and 15 U.S.C. §§1692e(10) and f. (ECF No. 16 at 1.) Plaintiff alleges that Defendant obtained Plaintiff's consumer

---

[1] Defendant properly filed this Motion to Consolidate in the oldest numbered case pursuant to D.C.Colo.L.Civ.R. 42.1.

reports without a permissible purpose under the FCRA.  (ECF No. 17 at 1.)  Plaintiff's two actions are based on Defendant allegedly pulling consumer reports from Experian on three occasions, and from Trans Union on two occasions.  (*Id.* at 2.)

### *Analysis*

Rule 42(a) of the Federal Rules of Civil Procedure provides that consolidation is appropriate when the actions involve common questions of law or fact: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In ruling on a motion to consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."  *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, No. 09-cv-01717, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010).  As the language of Rule 42(a) indicates, the district court has discretion to grant or deny a motion to consolidate.  *See also Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1279 (10th Cir. 2001) ("[I]t is of course within the district court's discretion to consolidate the claims.").

Based on the Court's review of the Complaints in the above-referenced actions and the parties' pleadings, it is clear the actions are appropriate for consolidation.  Both actions assert identical claims based on near-identical facts that only vary based on which credit bureau Defendant pulled the consumer report from and on what date.  The actions also assert identical claims for damages.  The Court notes that under 15 U.S.C.

§ 1692k of the FRCA, damages are limited to $1,000 per proceeding, not per violation. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994). Thus, through consolidation, Plaintiff's damages would be limited to $1,000 instead of $2,000 that could be recovered under two separate actions.

Although Plaintiff's maximum possible damages will be reduced, consolidation best serves all of the parties involved through one set of documents to prepare, respond and reply to. The Court will likewise only have one set of motions to review and decide. Most importantly, there will only be the possibility of one jury trial. Accordingly, the Court finds that the interests of justice are best served by consolidation of the subject actions.

It is therefore ORDERED that:

1) Defendant's Motion to Consolidate, ECF No. 16, is GRANTED;

2) Case No. 11-cv-01671-WJM-MJW shall be consolidated for all purposes with Case No. 11-cv-01672-WJM-MJW;

3) Case No. 11-cv-01671-WJM-MJW shall be the lead case and the parties are directed to file all future pleadings accordingly.

Dated this 25th day of August, 2011.

BY THE COURT:

William J. Martinez
United States District Judge