## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:11-cv-01671-WJM-MJW**

BRIAN DEMAESTRI

Plaintiff,

v.

ASSET ACCEPTANCE CAPTIAL CORP.,

Defendant.

---

### DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.'S, MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS
---

COMES NOW Asset Acceptance Capital Corp., (the "Defendant"), by and through its counsel of record, and for its Motion for Summary Judgment ("Motion"), states as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1A, the undersigned believes conferral with Plaintiff on a Motion for Summary Judgment and Motion to Dismiss would be pointless as Plaintiff does not believe this case should be dismissed.

### INTRODUCTION

Plaintiff filed a Complaint in this matter on June 27, 2011.  See, Docket No. 1.  Plaintiff then filed a First Amended Complaint on July 14, 2011.  See, Docket No. 6.  Plaintiff then sought leave and filed a Second Amended Complaint.  See, Docket No. 24.  Plaintiff's Second Amended Complaint alleges Defendant violated the Fair Credit Reporting Act ("FCRA"), specifically, 15 U.S.C. §1681b(f) – Counts I and II, as well as the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. §§1692e(10) and f – Count III.  See, Plaintiff's Second Amended Complaint, pgs. 2 and 3.  The violations are based solely on Defendant allegedly

inquiring into Plaintiff's consumer report from Experian on October 30, 2010, and again on December 24, 2010. See, Plaintiff's Second Amended Complaint, pg. 2, ¶¶8-10. In addition, Plaintiff alleges Defendant inquired into his consumer credit report with TransUnion in November 2010. See, Plaintiff's Second Amended Complaint, pg. 2, ¶¶11-12. Plaintiff has never disputed the financial obligation and believes Defendant inquired into his consumer credit report for an improper purpose and because of the improper purpose, used unfair and unconscionable means in an attempt to collect a debt.

## STANDARD OF REVIEW

Summary judgment under Fed.R.Civ.P. 56 is appropriate when "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying the standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield v. Farm Credit* Bank, 226 F. 3d 1138, 1148 (10th Cir. 2000)(quoting *Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir. 1999)). However, under Rule 56, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary Judgment under Rule 56 is regarded "as an integral part of the Federal Rules" and is designed "'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp.,* 477 U.S. at 327. Thus, Rule 56 must be construed with due regard not only for

the rights of persons asserting claims that are adequately based in fact, but also for the rights of entities opposing such claims to demonstrate prior to trial that the claims have no basis. *See id*. No longer may a Plaintiff avoid summary judgment by presenting a "merely colorable" claim or "a scintilla" of evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-251. Rather, in the face of a properly supported motion for summary judgment, the Plaintiff must offer significant probative evidence tending to support the complaint. *See Id.* at 2514. 477 U.S. at 256, 106 S.Ct. at 2514.

In this case, the undisputed material facts do not support Plaintiff's claims under the FCRA or FDCPA. The FCRA allows a consumer reporting agency to furnish a consumer report to a person who intends to use the information to review or collect an account of the consumer. The FDCPA was not violated by Defendant as Defendant had a permissible purpose inquiring into Plaintiff's consumer credit report. Plaintiff's conclusory statements do not support a violation by Defendant. Therefore, summary judgment should be entered in favor of Defendant.

Simultaneously, Defendant files a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[c]ourts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *See*, *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). In this case, the alleged facts pleaded by Plaintiff do not support an FDCPA claim against Defendant.

## MOVANT'S STATEMENT OF MATERIAL FACTS

1. Defendant is the parent corporation of Asset Acceptance, LLC (collectively "Asset"). See, Declaration of Deborah Everly, ¶3, attached hereto as **Exhibit A**.

2. Asset purchased Plaintiff's account and initiated a review of Plaintiff's "consumer report information" from Experian. See, Plaintiff's Second Amended Complaint, ¶¶8 and 9.

3. Asset initiated an inquiry of Plaintiff's consumer report from TransUnion in November 2010. See, Plaintiff's Second Amended Complaint, ¶¶11 and 12.

4. Plaintiff was delinquent on a debt with Xcel Energy Services, Inc. ("Xcel"). See, Declaration of Deborah Everly, ¶5.

5. Asset purchased Plaintiff's debt from Xcel as part of a bulk sale on May 18, 2006. See, Declaration of Deborah Everly, ¶6.

6. Asset is a debt collection company that purchases accounts from creditors, like Xcel, and attempts to collect on those debts. See, Declaration of Deborah Everly, ¶4.

7. Asset inquired into Plaintiff's consumer credit history from Experian. See, Declaration of Deborah Everly, ¶7.

8. Asset inquired into Plaintiff's consumer credit history from Experian, as part of its reasonable efforts to collect Plaintiff's outstanding debt. See, Declaration of Deborah Everly, ¶9.

9. The inquiry into Plaintiff's consumer credit history from Experian was for no other purpose other than to assist with the collection of Plaintiff's debt. See, Declaration of Deborah Everly, ¶10.

10. Asset inquired into Plaintiff's consumer credit history from TransUnion in November 2010. See, Declaration of Deborah Everly, ¶8.

11. Asset inquired into Plaintiff's consumer credit history from TransUnion as part of its reasonable efforts to collect Plaintiff's outstanding debt. See, Declaration of Deborah Everly, ¶11.

12. The inquiry into Plaintiff's consumer credit history from TransUnion was for no other purpose other than to assist with the collection of Plaintiff's debt. See, Declaration of Deborah Everly, ¶12.

## ARGUMENT

### A.  Asset's inquiries into Plaintiff's Credit History were for a Permissible Purpose

Plaintiff asserts that Defendant is liable for the conduct alleged in his Complaint pursuant to Section 1681b(f) of the FCRA by obtaining Plaintiff's consumer report without a permissible purpose as defined by Section 1681b of the FCRA.  To prove a FCRA violation, the plaintiff must show that the user had an impermissible purpose in obtaining the credit report.  See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); see also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996).  Conversely, a showing of a permissible purpose is a complete defense.  See, Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996).  The question of permissible purpose is a legal one and can be resolved on summary judgment.  See, Zeller v. Samia, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

Section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person which has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of the consumer.**

15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Courts have routinely held that collection of a debt is a permissible purpose for seeking a consumer's credit report.  See, Huertas v. Galaxy Asset Management; 641 F.3d 28 (3rd Cir. 2011); see also, Korotki v. Thomas, Ronald & Cooper, P.A., 1997 U.S. App. LEXIS 34157 (4th Cir. 1997)(obtaining a consumer report for use in collecting an account owed by the consumer is a permissible purpose); Etefia v. Russell Collection Agency, Inc., 20 Fed. Appx. 485 (6th Cir.

2001)(holding that requesting a credit report "to review the collection of an account of a consumer" is authorized under the FCRA); Greenhouse v. TRW, Inc., 1998 U.S. Dist. LEXIS 1973 (E.D. La. Feb. 12, 1998)(FCRA authorizes a person to obtain a consumer report in connection with collection of a debt); Geer v. Medallion Homes Ltd. P'ship, No. 04-CV-71294, 2005 U.S. Dist. LEXIS 25948 (E.D. Mich. Oct. 20, 2005)(holding that "[s]ection 1681b(a)(3)(A) is interpreted to allow access to a consumer report when that access would . . . facilitate the collection of pre-existing debt.").

In this case, Asset received "consumer report information" from Experian for the purpose of collecting a debt that was originally owed to Xcel. See, Declaration of Deborah Everly, ¶¶6-7 and 9-10, attached hereto as **Exhibit A**. Asset also received "consumer report information" from TransUnion for the purpose of collecting a debt that was originally owed to Xcel. See, Declaration of Deborah Everly, ¶¶6, 8, 11 and 12. Plaintiff alleges that these inquiries into Plaintiff's credit history were done without a permissible purpose. See, Second Amended Complaint, ¶¶8-12. Plaintiff provides no facts to support these conclusions and cannot refute the facts as presented by Asset.

In sum, taking all of the factual allegations in Plaintiff's Second Amended Complaint as true, Asset did not knowingly, willfully, or negligently obtain Plaintiff's credit information for a purpose that is not sanctioned by the FCRA. Rather, Asset obtained Plaintiff's credit report for a permissible purpose – i.e., "collection." Plaintiff's FCRA claim must be dismissed with prejudice.

### B. Plaintiff's FDCPA Claims Against Asset are also Ripe for Dismissal.

Plaintiff asserts two claims against Asset under the FDCPA. Again, accepting Plaintiff's allegations in his Second Amended Complaint as true, each of Plaintiff's FDCPA claims fail as a matter of law.

### 1. Plaintiff's Claim Under 15 U.S.C. § 1692e(10) and § 1692(f)(1) Fail As A Matter Of Law.

First, Plaintiff asserts a claim against Asset for violating Section 1692e(10) of the FDCPA, which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

Second, Plaintiff asserts a claim against Asset for violating Section 1692f(1) of the FDCPA, which provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Plaintiff, however, fails to allege facts sufficient to state a claim under these sections and, accordingly, these claims must be dismissed.

Plaintiff has failed to provide any facts in his Second Amended Complaint to show how Asset used any false representation or deceptive means in trying to collect a debt. "Courts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face." See, Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

A plaintiff is required to make factual allegations and cannot simply rely on conclusory recitations of law. See, Kan. Penn Gaming, LLC v. Collins, 2011 U.S. App. LEXIS 18187 (10th Cir. Kan September 1, 2011). A plaintiff must make specific factual allegations to support each claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007). A complaint must have enough allegations, taken as true, to state a claim for relief that is plausible on its face. Id. at 570.

Here, Plaintiff asserts that Asset "initiated a pull of Plaintiff's consumer report … without a permissible purpose." See, Second Amended Complaint, ¶¶8-12. No other facts are provided by Plaintiff. As described above, Defendant's inquiries into Plaintiff's credit history did have a permissible purpose and with no other factual allegations, Plaintiff is unable to sustain a claim under the FDCPA. Accordingly, Plaintiff's claim under Section 1692e(10) fails as a matter of law must be dismissed.

Therefore, Asset, as a matter of law, complied with all of the provisions of Section 1692e(10) of the FDCPA. Accordingly, Plaintiff's claim under Section 1692e(10) must be dismissed in its entirety and with prejudice.

Similarly, Plaintiff has alleged no facts to show that Asset used unfair or unconscionable means in an attempt to collect a debt. As stated above, the alleged conduct committed by Asset was that it pulled Plaintiff's consumer report without a permissible purpose. See, Second Amended Complaint ¶¶8-12. No other facts are presented by Plaintiff.

As pled, Plaintiff has failed to state a plausible claim for relief. This pleading

requirement serves two purposes: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" See, Pace v. Swerdlow, 519 F.3d 1067, 1076 (10th Cir. 2008).

The only facts pled by Plaintiff in his Complaint, when taken as true for the purpose of this Motion for Summary Judgment, merely accuse Defendant of pulling Plaintiff's consumer report for an improper purpose. As Defendant inquired into Plaintiff's consumer report for the sole purpose of aiding it in the collection of Plaintiff's delinquent debt, its purpose was permissible.

## CONCLUSION AND RELIEF REQUESTED

For all of the above reasons, Defendant Asset respectfully requests that this court dismiss Plaintiff's Second Amended Complaint with prejudice.

DATED this 24th day of October, 2011.

        Respectfully submitted,
        Adam L. Plotkin, P.C.

        /s/ Joseph J. Lico
By:   _____
        Joseph J. Lico, Esq.
        621 Seventeenth Avenue, Suite 1800
        Denver, Colorado 802933
        Telephone: (303) 302-6864
        FAX: (303) 302-6864
        jlico@alp-pc.com
        Attorneys for Defendant

## Certificate of Service

I hereby certify that on October 24, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., @23D
Denver, CO 80247

bdemaestri@msn.com

                                                             By:    /s/ Joseph J. Lico_____
                                                                        Joseph J. Lico, Esq.