FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2011 OCT 27 AM 9:48

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01671-WJM-MJW

BRIAN DEMAESTRI,
    Plaintiff.

-v-

ASSET ACCEPTANCE CAPITAL CORP.,
    Defendant.

---

## PLAINTIFFS MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

---

Plaintiff asks the court to deny Defendant's motion for summary judgment and states the following:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1A, the undersigned believes conferral with Defendant on a Motion in Opposition to Defendant's Motion for Summary Judgment would be pointless as Defendant filed a motion for summary judgment.

### INTRODUCTION

1. Plaintiff is Brian DeMaestri (hereinafter Plaintiff); Defendant is Asset Acceptance Capital Corp. (hereinafter Defendant).

2. On June 27, 2011 plaintiff sued defendant for violations of the Fair Credit Reporting Act (hereinafter FCRA). See, docket No. 1.

3. On July 22, 2011 Defendant filed an Original Answer.

4. On July 14, 2011 after discovering violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) in addition to the FCRA, Plaintiff filed a First Amended Complaint to reflect such. See, docket No. 6.

5. On August 5, 2011 Defendant filed an answer to Plaintiff's First Amended Complaint.

6. On August 30, 2011 Plaintiff filed a Second Amended Complaint. See, docket No. 24.

7. On October 24, 2011 Defendant Asset Acceptance Capital Corp. filed an answer to Plaintiff's Second Amended Complaint and motion for summary judgment on plaintiff's cause of action for violations of the FCRA and FDCPA.

8. Summary Judgment is improper in this case because there are genuine issues of fact on each element of Plaintiff's cause of action for violations of the FCRA: no permissible purpose to obtain plaintiff's consumer reports, and FDCPA: Use of false representation or deceptive means to collect or attempt to collect any debt and unfair or unconscionable means to collect or attempt to collect any debt.

## STATEMENT OF FACTS

9. Defendant does not argue that they obtained the consumer reports of the Plaintiff on multiple occasions as stated in the Declaration of Deborah Everly (hereinafter Declaration). See, ¶ 6-10.

10. In Defendant's motion for summary judgment Defendant states that Asset Acceptance Capital Corp. purchased an "account" of a Brian DeMaestri and therefore had permissible purpose to obtain Plaintiff's consumer reports on multiple occasions.

11. There is a Declaration attached to the Defendant's motion stating that the "account" was purchased "as part of a bulk sale on May 18, 2006." See, Declaration ¶4.

12. There is no documentation whatsoever annexed to the Declaration or on the record or in the pleading to evidence any contract or any other visible evidence of any alleged "account" with a Brian DeMaestri.

13. There are no documents on record or entered into evidence as exhibits purporting to evidence a transfer of ownership of the alleged "account" to Asset Acceptance Capital Corp. or any documentation showing the actual existence of any alleged "account" from Excel.

14. The Declaration filed by the Defendant refers to transactions involving transfer of ownership of the alleged "account" between different entities where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits.

15. There is no statement made in the Declaration as to what type of alleged "account" (i.e. demand deposit, asset, credit, etc.) the Defendant is referring to as being purchased by Asset Acceptance Capital Corp. which <u>could</u> give them any permissible purpose to obtain the consumer reports of the Plaintiff <u>even if such "account" existed</u> which has not been established through evidence before the court.

16. There is no verified evidence **in any form** that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged "account", current status, or dates and terms of transfer of ownership of the alleged "account".

17. Other than simple generic and non-specific statements in a Declaration made by an employee who works for the Defendant there is no evidence in any form of any "account" of Brian

DeMaestri existing that would allow any permissible purpose for the Defendant to obtain the consumer report of the Plaintiff under the FCRA.

18. At no time in the Declaration of Deborah Everly did she state the dates of her employment by Asset Acceptance Capital Corp. to be able to testify to first hand information regarding origination, books and records, or transfer of ownership of the alleged "account".

## STANDARD OF REVIEW

19. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986)*.

20. A defendant who seeks summary judgment on a Plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F3d 1245, 1251 (1st Cir. 1996); See Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2552-53*. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp. 477 U.S. at 327, 106 S.Ct. at 2555*. Only if defendants meet their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

21. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club, 229 F.3d 1233, 1236-37 (10th Cir. 2002)*.

## **ARGUMENT**

22. For the Defendant to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether Defendant had permissible purpose to obtain plaintiff's consumer reports.

23. The Defendant must therefore prove **through evidence before the court** rather than conclusory statements or speculation that they had a permissible purpose to obtain the plaintiff's consumer reports on multiple occasions.

24. The only evidence offered by the Defendant is the Declaration of Deborah Everly, an employee of Asset Acceptance Capital Corp., which states nothing more than she is familiar with the alleged "account", and some basic alleged details.

25. The Declaration states there is an "account" that was purchased by Asset Acceptance Capital Corp. from Excel but there is no documentation annexed to the Declaration or on the record whatsoever to show that had occurred.

26. There is not one document in the record submitted by the Defendant as verified evidence to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any other identifying information regarding the alleged "account".

27. The Declaration does nothing more than refer to facts not in evidence and refers to events regarding the alleged "account" where there is no verified evidence of said alleged facts or events before the court.

28. The statements in the Declaration are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

29. Collection of a debt is not a "permissible purpose" to obtain a consumer report under 15 U.S.C. § 1681b(a)(3)(A). Defendant has not entered into the record any proof or documentation of the existence of a **demand deposit, savings deposit, or other asset account** of Brian DeMaestri that would have allowed for "review of an account" to obtain his consumer reports on multiple occasions. Section 1681b of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstance:

> (3) To a person which has reason to believe –
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an **account** of the consumer. 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Section 1681a(r)(4) of the FCRA defines the term "account" as follows:

> (4) There terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act.

Section 903. Definitions of the Electronic Fund Transfer Act defines the term "account" as follows:

> the term "account" means **a demand deposit, savings deposit, or other asset account** (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement (Emphasis added).

30. Congress enacted the FCRA to promote efficiency in the Nation's banking system and to **protect consumer privacy, NOT** to provide debt collectors who routinely purchase evidence of debt, with a means to freely access consumers' credit profiles to determine the value of the evidence of debt they purchased, or attempt to collect a debt, or for any other purpose other than those defined under 15 U.S.C. § 1681a(r)(4) (Emphasis added).

"Congress enacted the FCRA in 1970 to **promote efficiency in the Nation's banking system and to protect consumer privacy**. As relevant here, the Act seeks to accomplish those goals by requiring credit reporting agencies to maintain reasonable procedures designed to assure maximum possible accuracy of the information contained in credit reports and **to limit the furnishing of such reports to certain statutorily enumerated purposes**." *TRW Inc. v. Andrews, 534 U.S. 19, 23 (2001) (Emphasis added).*

"When interpreting statutes, our primary task is to give effect to the intent of the general assembly and the purpose of the legislative scheme. *Id. (citing People v. Yascavage,101 P.3d 1090, 1093 (Colo. 2004); Klinger, 130 P.3d at 1031).* In doing so, we read the scheme as a whole, giving consistent, harmonious, and sensible effect to all its parts. *People v. Williamson, 249 P.3d 801, 803 (Colo. 2011) (citing People v. Luther, 58 P.3d 1013, 1015 (Colo. 2002)).*

Ignoring the statutory definition and interpreting the term "account" to include meanings other than those specifically defined by congress, would **not** give consistent, harmonious, and sensible effect to all its parts.

31. The language of the FCRA 15 U.S.C. § 1681b(3)(A) is unambiguous, straightforward and very clear, therefore there is no need to resort to legislative history to cloud a statutory text that is clear. Debt collectors as defined in the FDCPA 15 U.S.C. 1692a(6) have cleverly

taken a straightforward statutory command and added statutory words and unstated meanings that contravene the legislature's obvious intent (i.e. "account" taken to mean "any evidence of debt they purchase/are assigned") and cloud a statutory text that is clear. Most consumers are ignorant to this so debt collectors have been left unpunished for their violations of the law. The FCRA clearly defines an "account" and, most debts (particularly the alleged debt in this case) do not meet the criteria in the definition under 15 U.S.C. § 1681a(r)(4) to allow a permissible purpose.

"We do not add or subtract statutory words that contravene the legislature's obvious intent." *People v. Cross, 127 P.3d 71, 73 (Colo. 2006)*

"Where the language of a statute is unambiguous, as it is here, **we need not, and ought not, consider legislative history.**" *United States v. Gonzales, 520 U.S. 1, 6, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997)(Emphasis added).*

"Given the straightforward statutory command, there is **no reason to resort to legislative history.**" *Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149-1150, 117 L.Ed.2d 391 (1992)(Emphasis added). Also, Harris v. Garner, 216 F.3d 970, 976 (11th Cir.2000)(en banc).*

"When the import of the words Congress has used is clear, we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.") Even if a statute's legislative history evinces an intent contrary to its straightforward statutory command, "**we do not resort to legislative history to cloud a statutory text that is clear**" *Ratzlaf v. United States, 510 U.S. 135, 147-48, 114 S.Ct. 655, 662, 126 L.Ed.2d 615 (1994)(Emphasis added).*

Regardless of its clarity or specificity, we do not give legislative history more weight than unambiguous statutory language because "**[t]he statutory language itself is the principal battlefield** where the warring interests struggle against each other, and **it is to that battlefield we should look for the results of the battle.**" *CBS, Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1229 (11th Cir.2001)(Emphasis added), CBS, Inc., 245 F.3d at 1228.*

32. The Term "debt" is not synonymous with the term "account" under 15 U.S.C. § 1681b. Congress does not do a thing in vain. Congress says in a statute what it means and means what it says there. Congress provides a statutory definition to supersede, not enlarge, the common or ordinary dictionary definition of a word. If congress took the time to define a term, then they did so for a reason.

"We must assume that the legislature did **not** intend to do a vain and useless thing." *Williams v. Commonwealth, 190 Va. 280, 293, 56 S.E.2d 537, 54 (1949)(Emphasis added).*

"In interpreting a statute a court should always turn to one, cardinal canon before all others.... [C]ourts must presume that a **legislature says in a statute what it means and means in a statute what it says there.**" *Connecticut Nat'l Bank v. Germain, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)(Emphasis added).*

"It is axiomatic that the statutory definition of the term **excludes unstated meanings of that term**" *Meese v. Keene, 481 U. S. 465, 484-485 (1987) (Emphasis added).*

"When a statute includes an explicit definition, **we must follow that definition**, even if it varies from that term's ordinary meaning." *Stenberg v. Carhart, 530 U.S. 914, 942, 120 S.Ct. 2597, 2615 (2000)(Emphasis added).*

"As a rule, `a definition which declares what a term "means" ... **excludes any meaning that is not stated'** " *Western Union Telegraph Co. v. Lenroot, 323 U. S. 490, 502 (1945)(Emphasis added).*

33. The statements in Defendant's motion attempting to use the Declaration of Deborah Everly with no other evidence to support it as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. See *Celotex Corp. 477 U.S. at 327, 106 S.Ct. at 2555.*

## OBJECTIONS

34. The evidence submitted in support of Defendant's motion should not be considered by the court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the court. The court should strike the following summary judgment proof:

a. <u>Declaration.</u>  Defendant relies on the defective Declaration of Deborah Everly.

- Defendant states in their motion they rely on the Declaration of Deborah Everly for **"Summary Judgment Evidence"** where the Declaration annexed to the motion is from Deborah Everly.

- The Declaration refers to facts not in evidence before the court.

- The Declaration has not been authenticated before the court and is hearsay.

## SUMMARY JUDGMENT EVIDENCE

35. In support of his response, Plaintiff includes the following evidence in the attached appendix:

a. **Affidavits.** The affidavit of Brian DeMaestri establishes the fact that there is no evidence before the court that there is an "account" of Brian DeMaestri in existence or

that Asset Acceptance Capital Corp. is the owner of the "account" and would have permissible purpose to obtain plaintiff's consumer reports on multiple occasions.

## CONCLUSION

36. The Defendant has not met its burden to show there are no material facts at issue for any element of the Plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props., 140 F.3d at 625.* The Defendant has proffered nothing more than a generic Declaration from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of owning an "account" which would give them permissible purpose to obtain plaintiff's consumer reports.

WHEREFORE, because the Defendant has failed to show there are no issues of material fact before the Court and does not have any evidence before the court of the existence of an "account" of Brian DeMaestri or that Defendant is the owner of said alleged "account", Plaintiff's contention that Defendant had no permissible purpose to obtain his consumer reports IS an issue of material fact. Plaintiff respectfully requests the Court deny the Defendant's motion for summary judgment, strike the Defendant's Declaration and allow Plaintiff's claim to move forward to trial on the merits.

Date: October 27, 2011

Respectfully Submitted,

Brian DeMaestri, Pro se
9901 E. Evans Ave. #23 D
Denver CO, 80247

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the person(s) listed below:

Joseph J. Lico, Esq.
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293

Plaintiffs Original Signature

## **AFFIDAVIT**

NOW COMES the Affiant, Brian DeMaestri of Denver, Colorado who is over the age of 21 years, competent to testify, and declares as follows under penalty of perjury regarding Case No. 11-cv-01671-WJM-MJW, Brian DeMaestri v. Asset Acceptance Capital Corp.:

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Asset Acceptance Capital Corp. is the owner of any "account" of Brian DeMaestri as stated in the Declaration of Deborah Everly.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Asset Acceptance Capital Corp. acquired any "account" of Brian DeMaestri from Xcel as stated in the Declaration of Deborah Everly.

3. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Excel acquired any interest in any "account" of Brian DeMaestri as stated in the Declaration of Deborah Everly.

4. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any "account" of Brian DeMaestri that originated with Excel where there is any balance due and owing that could be collected by Asset Acceptance Capital Corp.

5. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for

the Defendant in Case No.11-cv-01761-WJM-MJW in the United States District Court for the District of Colorado, to obtain the consumer reports of Brian DeMaestri on multiple occassions.

6. That Affiant/Plaintiff at no time gave permission to Asset Acceptance Capital Corp. to obtain his consumer reports.

<u>NOTARY'S VERIFICATION</u>

STATE OF COLORADO    §
                     §
COUNTY OF DENVER     §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Denver, Colorado
October 26, 2011

_____
Brian DeMaestri

Name of Notary _RALUCA MARIA THOMPSON_

Signature of notary _Raluca Maria Thompson_

Commission Expires 09/30/2013  /seal

Page 2 of 2