**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:11-cv-01671-WJM-MJW**

BRIAN DEMAESTRI

Plaintiff,

v.

ASSET ACCEPTANCE CAPTIAL CORP.,

Defendant

---

**DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.'S, REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW Asset Acceptance Capital Corp., (the "Defendant"), by and through its counsel of record, and for its Reply to Plaintiff's Response in Opposition of Defendant's Motion for Summary Judgment (Defendant's "Reply"), states as follows:

**INTRODUCTION**

Defendant filed a Motion for Summary Judgment on October 24, 2011. See, Docket Entry No. 30 (Defendant's "Motion"). Plaintiff filed his Response to Defendant's Motion for Summary Judgment on October 27, 2011. See, Docket No. 33 (Plaintiff's "Response"). Throughout this case, including in his Response, Plaintiff has never disputed the delinquent financial obligation he owed to Xcel and relies on an argument of a purported lack of evidence regarding the debt, and nothing more.

Plaintiff's conclusory statements do not support a violation by Defendant. As set forth in Defendant's Motion, and below, the undisputed material facts do not support Plaintiff's claims under the Fair Credit Reporting Act ("FCRA") or the Fair Debt Collection Practices Act

("FDCPA"). The FCRA allows a consumer reporting agency to furnish a consumer report to a person who intends to use the information to review or collect an account of the consumer. As set forth in our Motion and below, a permissible purpose existed for inquiring into Plaintiff's consumer credit report, and accordingly there was no violation of the FCRA. Moreover, as Plaintiff's claims under the FDCPA are entirely contingent upon the alleged violations of the FCRA, dismissal of Plaintiff's claims under the FDCPA is also appropriate. Therefore, summary judgment should be entered in favor of Defendant on all claims.

**REPLY CONCERNING UNDISPUTED FACTS**

Plaintiff failed to comply with this Court's Practice Standards regarding responding to Defendant's Statement of Material Facts. See, Practice Standards of Judge William J. Martinez, III, C. 7. Rather than admit or deny each of Defendant's Statement of Material Facts as enumerated in Defendant's Motion, Plaintiff includes a "Statement of Facts" section, wherein he generally refers to Defendant's Statement of Material Facts, without specifically admitting or denying each fact, and then repeatedly claims a purported "lack of evidence" relating to Asset's purchase of the delinquent account in question. See, *Plaintiff's Response,* pp. 2-4. Plaintiff has not alleged any specific material facts in the record to refute Defendant's Statement of the Facts. It appears that the only "dispute" is that Plaintiff claims that there is inadequate documentation showing Defendant's ownership of the delinquent account. Plaintiff is essentially trying to shift the burden of proof and require Defendant prove a negative. To the extent Plaintiff claims Defendant has failed to provide adequate documentation demonstrating there was an account, further documentation and facts, as set forth below, are included as follows.

1. Xcel provided service to Plaintiff at 6495 Happy Canyon Road, Denver, Colorado. See, Declaration of John F. Velasquez, ¶8.

2. Xcel provided service to Plaintiff at 6761 S. Ivy Way, #A7, Centennial, Colorado. <u>See</u>, Declaration of John F. Velasquez, ¶8.

3. Plaintiff's outstanding account was received from Xcel as part of a bulk sale on May 18, 2006. <u>See</u>, Declaration of John F. Velasquez, ¶¶3-6 and Exhibit A attached to Declaration of John F. Velazquez.

4. Xcel provided supporting documentation as part of the bulk sale. <u>See</u>, Declaration of John F. Velasquez, ¶7.

5. Mr. John F. Velasquez has personal knowledge of the Purchase Agreement and Plaintiff's delinquent account. <u>See</u>, Declaration of John F. Velasquez, ¶1.

6. Defendant incorporates Movant's Statement of Material Facts listed in its Motion for Summary Judgment.

## ARGUMENT

### A.     Plaintiff Fails to Raise a Genuine Issue to any Material Fact

Plaintiff first argues in his Response that Defendant's Motion should be denied because there are genuine issues of fact. <u>See</u>, Response, ¶8. However, as set forth above, Plaintiff never identifies which facts are disputed. Plaintiff lists ten (10) paragraphs in the Statement of Facts section of his Response. Not one of the paragraphs contradicts any of the facts supplied in Deborah Everly's declaration. Plaintiff never contends, nor could he, that Defendant di dnot acquire his delinquent account from Xcel. Plaintiff never contends he does not have a delinquent account with Xcel. Plaintiff never contends he never received service from Xcel. Plaintiff's sole argument is that no documentation was presented. <u>See</u>, Response, ¶¶12-14.

As stated previously in Defendant's Motion, "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323-24 (1986).  Defendant provided this Court with an Affidavit of Deborah Everly in its Motion.  Ms. Everly identified her position in the company and personal knowledge of the Purchase Agreement that transferred ownership of Plaintiff's account.  Defendant additionally provides this Court with an Affidavit from John F. Velasquez.  Mr. Velasquez supports Ms. Everly's uncontested facts by confirming the Purchase Agreement entered into with Xcel that transferred ownership of an outstanding account belonging to Plaintiff.  In addition, Mr. Velasquez provides a copy of the Purchase Agreement and additional documentation supplied as part of the sale.  <u>See</u>, Exhibits A and B attached to Mr. Velasquez's declaration.

Rule 56(c)(4) states an affidavit or declaration used to support a motion for summary judgment must be made on personal knowledge, based on facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated.  <u>See</u>, Fed.R.Civ.P. 56(c)(4).  Both Ms. Everly and Mr. Velasquez have personal knowledge as to the facts asserted in their declarations; speak to facts that would be admissible in evidence; and are competent to testify on the matters based on their knowledge and job duties.  <u>See</u>, <u>Sperry v. Werholtz</u>, 413 Fed. Appx. 31, 35 (10th Cir. 2011).

Plaintiff provides this Court with no evidence other than a self-serving affidavit which fails to contradict any material fact.  <u>See</u>, Response, ¶35.  Plaintiff reiterates over and over that he is not in receipt of anything, and that there is nothing in the record establishing the fact that Defendant owns Plaintiff's outstanding delinquent account.  Plaintiff's argument in this regard is unsupported.  Plaintiff fails to adequately consider Ms. Everly's declaration.  While Defendant submits that Ms. Everly's declaration is sufficient to shift the burden to Plaintiff to point to facts

in the record which contradict Ms. Everly's declaration, Defendant is providing herewith Mr. Velasquez's Declaration, the Purchase Agreement and supporting documentation. "Under that rule, a party opposing a well-supported motion for summary judgment must do more than make conclusory allegations, it 'must set forth specific facts showing that there is a genuine issue for trial.'" Dart Indus., Inc. v. Plunkett Co., 704 F.2d 496, 498 (10th Cir. 1983)(quoting Fed.R.Civ.P. 56(e); First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 288-90 (1968).

In reviewing facts in the light most favorable to Plaintiff, no genuine issue of material facts exist. Defendant is entitled to summary judgment.

### B. Permissible Purpose

Plaintiff argues in his Response that Defendant did not act with a permissible purpose when obtaining Plaintiff's consumer report. See, Response, ¶29. To prove a FCRA violation, the plaintiff must show that the user had an impermissible purpose in obtaining the credit report. See, Kennedy v. Chase Manhattan Bank United States, NA, 369 F.3d 833, 842 (5th Cir. 2004); see also, Korotki v. Attorney Services Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996). Conversely, a showing of a permissible purpose is a complete defense. See, Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996).

As stated in Defendant's Motion, section 1681b(a) of the FCRA provides a consumer reporting agency may furnish a consumer report under the following circumstances:

> (3) To a person which has reason to believe –
>
>   (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of the consumer.**

15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

Plaintiff attempts to draw a similarity between the word "account" in 15 U.S.C. § 1681b(a)(3)(A) and "account" under section 903 of the Electronic Fund Transfer Act. See, Response, ¶29. Plaintiff supplies no authority for this interpretation and comparison. Plaintiff's argument is contrary to the well-established case law which holds that collection of a debt is a permissible purpose for seeking a consumer's credit report. See, Thomas v. United States Bank, N.A., 325 Fed. Appx. 592 (9th Cir. 2009)(Defendant awarded judgment as a matter of law because Plaintiff presented no evidence that Defendant requested the credit report for any other reason than to attempt to collect a debt); 641 F.3d 28 (3rd Cir. 2011); see also, Miller v. Wolpoff & Abramson, LLP, 309 Fed. Appx. 40 (7th Cir. 2009)(obtaining a consumer report for use in collecting an account owed by the consumer is a permissible purpose); Dumas v. City of Chicago, 2000 U.S. App. LEXIS 27406 (7th Cir. 2000)(statute recognizes the legitimate purpose for which the defendants allegedly requested the report – collection of an overdue balance).

As set forth above, the facts surrounding the review of Plaintiff's consumer credit reports are not in dispute. According to Ms. Everly's Declaration attached to Defendant's Motion, the sole purpose of the use of consumer credit report was to collect the account. Plaintiff provides no evidence or even an argument that Defendant's purpose in reviewing the consumer credit report was for any reason other than to collect on the account. The question of permissible purpose is a legal one and can be resolved on summary judgment. See, Zeller v. Samia, 758 F. Supp. 775, 781-82 (D. Mass. 1991).

### B.  Plaintiff's FDCPA Claims

Plaintiff asserts two claims against Asset under the FDCPA. In his Response, Plaintiff utterly fails to address Defendant's arguments. In his Second Amended Complaint, Plaintiff asserts that Asset "initiated a pull of Plaintiff's consumer report … without a permissible

purpose." See, Second Amended Complaint, ¶¶8-12. As described above, Defendant's inquiries into Plaintiff's credit history were made pursuant to a permissible purpose. Plaintiff has alleged no additional facts to support a claim that Defendant used unfair or unconscionable means in an attempt to collect a debt.

Plaintiff is under the misguided perception that the issue of whether Defendant had a permissible purpose is a factual issue prohibiting Defendant from summary judgment. See, Response, ¶ 11. As stated above, that is simply incorrect.

As pled, Plaintiff has failed to state a plausible claim for relief. This pleading requirement serves two purposes: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" See, Pace v. Swerdlow, 519 F.3d 1067, 1076 (10th Cir. 2008). Accordingly, Plaintiff is unable to sustain a claim under the FDCPA.

## CONCLUSION AND RELIEF REQUESTED

For all of the above reasons, Defendant respectfully requests that this court enter judgment in its favor with respect to Plaintiff's claims.

DATED this 9th day of November, 2011.

          Respectfully submitted,
          Adam L. Plotkin, P.C.

By: /s/ Joseph J. Lico_____
     Joseph J. Lico, Esq.
     621 Seventeenth Avenue, Suite 1800
     Denver, Colorado 802933
     Telephone: (303) 302-6864
     FAX: (303) 302-6864
     jlico@alp-pc.com
     Attorneys for Defendant

## **Certificate of Service**

    I hereby certify that on November 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., @23D
Denver, CO 80247

bdemaestri@msn.com

                                      By:    /s/ Joseph J. Lico
                                                      Joseph J. Lico, Esq.