**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:11-cv-01671-WJM-MJW**

BRIAN DEMAESTRI

Plaintiff,

v.

ASSET ACCEPTANCE CAPTIAL CORP.,

Defendant

___

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**
___

COMES NOW Asset Acceptance Capital Corp., (the "Defendant"), by and through its counsel of record, and files this Response to Plaintiff's Motion for Leave to File Motion for Summary Judgment ("Motion for Leave"):

**PLAINTIFF'S CERTIFICATE OF CONFERRAL**

Plaintiff's certificate of conferral is inaccurate and Plaintiff completely misrepresents to this Court that any conferral took place. First, Plaintiff's conferral inaccurately references a Second Amended Complaint. More importantly, Plaintiff states he conferred with the Defendant regarding his Motion for Leave. This is inaccurate as Plaintiff never conferred with Defendant regarding his Motion for Leave.

Plaintiff filed a Motion for Summary Judgment untimely. See, Docket No. 37. Counsel for Defendant communicated with Plaintiff that the Motion for Summary Judgment was untimely and informed Plaintiff that Defendant would be filing a Motion to Strike. See, E-mail communication attached hereto as **Exhibit A**. Plaintiff stated he objected to Defendant's Motion to Strike. Id. Defendant filed its Motion to Strike. See, Docket No. 39.

Plaintiff then sent Defendant an E-mail communication the day after Defendant filed its Motion to Strike acknowledging his error. See, E-mail communication attached hereto as **Exhibit B**. Plaintiff never conferred with Defendant regarding his Motion for Leave.

Plaintiff did not confer with Defendant so this Court should not consider his Motion for Leave. See, D.C.Colo.LCivR 7.1 ("The court **will not consider** any motion … unless counsel for the moving party or a pro se party, before filing the motion, has conferred … to resolve the disputed matter.") (emphasis added).

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on June 27, 2011. See, Docket Entry No. 1. Plaintiff then filed a First Amended Complaint on July 14, 2011. See, Docket No. 6. Plaintiff then sought leave to file a Second Amended Complaint which was granted on October 13, 2011. See, Docket No. 27. Defendant filed its Answer on October 24, 2011. See, Docket Entry No. 29. The only substantive change between Plaintiff's First Amended and Second Amended Complaint was the withdrawal of actual damages.

Magistrate Judge Watanabe set this matter for a Scheduling Conference with a date of August 1, 2011. See, Docket No. 3. Both parties participated in the Scheduling Conference and Magistrate Judge Watanabe continued the Scheduling Conference to August 26, 2011. See, Docket No. 15. A proposed Scheduling Order was submitted to Magistrate Judge Watanabe by Plaintiff unilaterally on August 18, 2011. See, Docket No. 20. The dispositive motion deadline submitted by Plaintiff in his proposed Scheduling Order was January 30, 2012. Defendant submitted a subsequent Scheduling Order and proposed a dispositive motion deadline of January 20, 2012. The Scheduling Conference took place on August 26, 2011, and Magistrate Judge discussed the proposed Scheduling Order including all dates. Magistrate Judge Watanabe filed

the Scheduling Order at the conclusion of the Scheduling Conference.  See, Docket No. 23.  A dispositive motion deadline was set for January 20, 2012.

Plaintiff filed a Motion for Summary Judgment on February 13, 2012.  See, Docket No. 23.  Defendant filed a Motion to Strike Plaintiff's Motion for Summary Judgment the very same day.  See, Docket No. 39.  Plaintiff now files this Motion for Leave.

## **ARGUMENT**

A Scheduling Order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure must limit the time to file motions, and the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (4).  The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.  See, Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).  Plaintiff admits he agreed to a dispositive motion deadline of January 30, 2011.[1]  See, Motion for Leave, p. 2.  Plaintiff argues he was unaware that a motion for summary judgment is also a dispositive motion.  Id.  Plaintiff ignores the fact that this Court specifically spoke to Plaintiff about his pro se status during the Scheduling Conference that was set on both August 1, 2011, and August 26, 2011.  This Court reminded Plaintiff that he was responsible for knowing the Federal Rules of Civil Procedure and the aspects for prosecuting a case.  The Court even identified for Plaintiff where he could locate rules and information he may need on the Court's website.  Plaintiff acknowledged he understood the Court's directive and would abide by its rules.

District Court Judge William Martinez also has strict practice standards relating to extensions of time.  Section II.D.2. of Judge Martinez's Practice Standards states, "Absent a true emergency, no motion for an extension of time to file a document shall be considered unless it is

---

[1] The actual dispositive motion deadline was January 20, 2012.

3

filed on or before **the court business day preceding the original deadline**." (emphasis in original). Plaintiff's Motion for Leave comes nearly one (1) month **after** the dispositive motion deadline.

Plaintiff argues he waited until February 13, 2012, to file his Motion for Summary Judgment as he wanted to wait until the close of discovery. See, Motion for Leave, pp. 2-3. Plaintiff's argument is disingenuous. "Whatever the merits of the excuse, trial courts are not required to accept at face value litigants' reasons for their failure to meet deadlines." See, Cordero-Soto v. Island Finance, Inc., 418 F.3d 114, 117-18 (1st Cir. 2005).

The discovery deadline was December 20, 2011. See, Minute Order and Scheduling Order, Docket Nos. 22 and 23. Plaintiff served written discovery on Defendant on or about October 17, 2011. Defendant provided written responses to Plaintiff's discovery requests on or about November 18, 2011. Plaintiff did not depose any witnesses. In essence, Plaintiff waited three (3) months before acting on his Motion for Summary Judgment, and almost two (2) months after the discovery cut-off.

Plaintiff states he "takes pride in learning and adhering to the rules, and especially making sure its filings are timely." See, Motion for Leave, p. 3. However, Rule 56(b) specifically states "a party may file a motion for summary judgment at any time until 30 days after the close of discovery." See, Fed.R.Civ.P. 56(b). Even assuming *arguendo* Plaintiff may not have known what a dispositive motion entailed, Plaintiff filed a Motion for Summary Judgment citing the standard of review in Rule 56. See, Docket No. 37, pp. 3-4. Plaintiff cannot argue he was unaware of when a motion for summary judgment must be filed. He cited the very rule establishing the deadline. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." See, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also, Mitchell v. Wiley, 2008 U.S. Dist. LEXIS 32903 (D. Colo. 2008).

In addition, Plaintiff was reminded by Defendant in early December 2011 that the discovery deadline was rapidly approaching.  <u>See</u>, E-mail exchange attached hereto as **Exhibit C**.  Plaintiff cannot, and has not, alleged he was unaware of the discovery deadline.  Plaintiff has failed to exhibit any justifiable reason why he let the summary judgment deadline pass.  Defendant filed a Motion for Summary Judgment on October 24, 2011.  Clearly, Plaintiff had numerous reminders of the approaching deadline.

Finally, it should be noted that this case is currently set for a Final Pretrial Conference on March 20, 2012.  If Plaintiff is granted leave to file his Motion for Summary Judgment, Defendant's Response to Plaintiff's Motion for Summary Judgment would not be due until after the conference and the status of the case in flux instead of being set for trial.  In essence, granting Plaintiff's Motion for Leave sets the case back months causing prejudice to Defendant.  "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision."  <u>See</u>, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the prejudice to the defendants and the length of delay are not substantial, the plaintiff does not provide any reasonable excuse for the delay, and there is no basis upon which to find that the plaintiff acted in good faith. The plaintiff has failed to show excusable neglect for his belated request to extend the dispositive motion deadline."  <u>See</u>, <u>Ford v. Fed. Bureau of Prisons</u>, 2011 U.S. Dist. LEXIS 61971 (D. Colo. 2011).

## **CONCLUSION AND RELIEF REQUESTED**

For all of the above reasons, and the reasons stated in Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment which Defendant incorporates hereto, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave to File a Motion for Summary Judgment.

DATED this 29th day of February, 2012.

                                        Respectfully submitted,

                                        Adam L. Plotkin, P.C.

By:   /s/ Joseph J. Lico_____
        Joseph J. Lico, Esq.
        621 Seventeenth Avenue, Suite 1800
        Denver, Colorado 802933
        Telephone: (303) 302-6864
        FAX: (303) 302-6864
        jlico@alp-pc.com
        Attorneys for Defendant

## Certificate of Service

I hereby certify that on February 29, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and by sending it via electronic mail and placing the same in the U.S. Mail, postage pre-paid, to the following address:

Brian DeMaestri
9901 E. Evans, Ave., @23D
Denver, CO 80247

bdemaestri@msn.com

                                          By:   /s/ Joseph J. Lico_____
                                                    Joseph J. Lico, Esq.