IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01671-WJM-MJW
Consolidated with 11-cv-01672-WJM-MJW

BRIAN DEMAESTRI,

Plaintiff,

v.

ASSET ACCEPTANCE CAPITAL CORP.,

Defendant.

---

### RECOMMENDATION ON
### (1) DEFENDANT ASSET ACCEPTANCE CAPITAL CORP.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS (Docket No. 30)
### and
### (2) PLAINTIFF BRIAN DEMAESTRI'S
### MOTION FOR SUMMARY JUDGMENT (Docket No. 37)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

These consolidated cases were referred to this court pursuant to Orders Referring Case issued by Judge William J. Martinez on June 28, 2011.

The pro se plaintiff, Brian DeMasestri, alleges the following in his amended pleadings. He seeks statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendant, Asset Acceptance Capital Corp., initiated a pull of the plaintiff's consumer report from Experian without a permissible purpose, attempting to collect an alleged debt, on October 20 and December 24, 2010, and did the same from Trans Union in November 2010. Therefore, defendant willfully

2

and negligently violated the FCRA. Defendant also violated the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer and by the use of unfair or unconscionable means to collect or attempt to collect any debt. Plaintiff seeks statutory damages, attorney fees, and costs.

Now before the court for a report and recommendation are the following motions: (1) Defendant Asset Acceptance Capital Corp.'s Motion for Summary Judgment and Motion to Dismiss (Docket No. 30) and (2) Plaintiff Brian Demaestri's Motion for Summary Judgment and affidavit in support (Docket Nos. 37 and 41). Plaintiff filed a response to the defendant's motion (Docket No. 33), and the defendant filed a reply (Docket No. 34). Defendant moved to strike plaintiff's motion (Docket No. 39), which this court denied by separate minute order. The court has carefully considered all of these motion papers, the court's files, and applicable Federal Rules of Civil Procedures and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to

3

dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, – F.3d –, 2012 WL 364058, at *2 (10th Cir. Feb. 6, 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ."  Khalik, supra at *2 (quoting Iqbal, 129 S. Ct. at 1949)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  Id.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial."  Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'"

5

Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

6

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Defendant asserts that the plaintiff's FDCPA claim should be dismissed pursuant to Rule 12(b)(6) because plaintiff has not alleged facts sufficient to state a claim under the FDCPA. Plaintiff alleges a violation of 15 U.S.C. §§ 1692e(10) and 1692f(1). Section 1692e(10) provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . [including] . . . [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f(1) provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . . [including] . . . "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Here, the only factual averments provided by plaintiff in his pleading concern defendant's alleged pulling of plaintiff's consumer report on several occasions

without a permissible purpose.  As found below, however, with respect to plaintiff's FCRA claim, defendant did have a permissible purpose.  Therefore, summary judgment should enter for the plaintiff's claims under both the FCRA and the FDCPA.

"The FCRA sets forth to whom any consumer reporting agency may furnish a consumer report."  Evans v. First Nat. Bank of Omaha, 2011 WL 2489932, at *1 (D. Neb. June 21, 2011) (citing 15 U.S.C. § 1681b).  Pursuant to the FCRA, a consumer reporting agency may furnish a consumer report to any person for "review or collection of an account, of the consumer . . . ."  15 U.S.C. § 1681b(a)(3)(A).  Defendant has shown that as part of a bulk sale on May 18, 2006, it purchased plaintiff's delinquent Xcel Energy account for services from December 18, 2001, through April 15, 2002, at 6495 Happy Canyon Road, Denver, Colorado, and from April 15, 2002, through May 31, 2002, at 6761 S. Ivy Way #A7, Centennial, Colorado.  (See Docket No. 34-1, Decl. of John F. Velasquez, ¶¶ 3-8).  Plaintiff has not controverted the evidence that defendant purchased such delinquent accounts, nor has he contended that he does not have a delinquent account with Xcel or that he never received services from Xcel.  Based upon its acquisition of the plaintiff's delinquent Xcel accounts, defendant had a permissible purpose in obtaining plaintiff's consumer report pursuant to 15 U.S.C. § 1681b(1)(3)(A), namely, for "review or collection of an account of the consumer."

Plaintiff, however, argues that collection of a debt is not a "permissible purpose" to obtain a consumer report under § 1681b(a)(3)(A) because in his opinion, the word "account" in § 1681b has the same definition as the word "account" under section 903 of the Electronic Fund Transfer Act.  More specifically, he asserts that an "account" must be a demand deposit, savings deposit, or other asset account in order for the defendant to

8

obtain his consumer reports. In support of this argument, plaintiff notes that section 1681a(r)(4) of the FCRA defines the term "account," namely, that it provides that "the terms 'account' and 'electronic fund transfer' have the same meanings as in section 1693a of this title [section 903 of the Electronic Fund Transfer Act]." 15 U.S.C. § 1681a(r)(4). Plaintiff further points out that § 1693a(2) defines the term "account" as "a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title), as described in regulations of the Bureau, established primarily for personal family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement." 15 U.S.C. § 1693a(2).

The definition of "account" in § 1681a(r)(4) provided by the plaintiff, however, is under a heading concerning "Credit and debit related terms." Plaintiff has made no showing that such usage of the term is applicable to the word "account" as used in section 1681b(a)(3)(A), which does not deal with credits and debits. Furthermore, as asserted by the defendant, collection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report under §1681b(3)(A), and this court finds likewise. See, e.g., Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3rd Cir. 2011) (section 1681b(3)(A) authorizes the use of consumer information to collect on a delinquent credit account); Thomas v. United States Bank, N.A., 325 Fed Appx. 592 (9th Cir. May 19, 2009) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes listed in the FCRA. 15 U.S.C. § 1681b(a)(3)(A)."); Miller v. Wolpoff & Abramson, LLP, 309 Fed. Appx. 40, 2009 WL 270034, at *3 (7th Cir. Mar. 19, 2009) (obtaining a consumer report for use in collecting a debt owed by the

9

consumer is a permissible purpose); Robinson v. Greystone Alliance, LLC, 2011 WL 2601573, at *3 (D. Md. June 29, 2011) ("Debt collection is a permissible purpose for obtaining a credit report under the FCRA. . . . As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA."); Smith v. John P. Frye, P.C., 2011 WL 748363, at *3 (N.D. Ill. Feb. 24, 2011) ("obtaining a credit report in connection with collection of a debt is permissible under the FCRA"); Adams v. LexisNexis Risk & Information Analytics Group, Inc., 2010 WL 1931135, at *8 (D.N.J. May 12, 2010) ("Courts recognize that collection is a permissible purpose for obtaining a consumer report under the FCRA.") (emphasis and quotation marks omitted).

Therefore, this court finds plaintiff's argument and hence his claims to be baseless. Read correctly, § 1681b(a)(3)(A) permits the defendant to obtain the plaintiff's consumer reports. Therefore, summary judgment should enter for the defendant and against the plaintiff on all of his claims in both cases.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant Asset Acceptance Capital Corp.'s Motion for Summary Judgment and Motion to Dismiss (Docket No. 30) be **granted** and that judgment enter for the defendant and against the plaintiff in both actions. It is further

**RECOMMENDED** and Plaintiff Brian Demaestri's Motion for Summary Judgment (Docket No. 37) be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

10

**and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  March 14, 2012                    s/ Michael J. Watanabe
       Denver, Colorado                  Michael J. Watanabe
                                         United States Magistrate Judge